IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| EARNEST BARNARD CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-009 |
| | ) | |
| JIMMY KELLOM, Captain or Unit Manager, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Presently before the Court are three motions filed by Plaintiff, which the Court addresses in turn below. (Doc. nos. 62, 66, 67.)

**I.  PLAINTIFF'S MOTION TO PROPOUND A SECOND SET OF TWENTY-FIVE INTERROGATORIES**

Plaintiff seeks Court permission to file twenty-five additional interrogatories, which he listed out in his motion. (Doc. no. 62, pp. 1-3.) He claims these interrogatories are relevant, they will help him present his case more adequately, and he "may have made a number of mistakes" in other interrogatories. (Id. at 4-5.)

Upon consideration of the operative protective order, (doc. no. 57), the Court directed Defendant to respond to Plaintiff's motion requesting permission to propound additional interrogatories, (doc. no. 64; see also doc. no. 62). Defendant opposes Plaintiff's motion on the grounds that his additional interrogatories are "unreasonably cumulative, duplicative, and

obtainable from other sources that do not require permission from the Court." (Doc. no. 69, p. 2.) Defendant specifically points out that Plaintiff has received documents and other discovery regarding the April 16, 2024 incident at issue that supply him with the information he seeks. (Id. at 3-4.) Defendant further avers he has already responded to twenty-five interrogatories and sixty-two requests for documents or inspection, and thus Plaintiff's additional interrogatories are excessive. (Id. at 4.)

Federal Rule of Civil Procedure 33 provides "a party may serve on any other party no more than 25 written interrogatories," though the Court may grant "[l]eave to serve additional interrogatories . . . to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1). Federal Rule of Civil Procedure 26(b)(2)(C) states the Court "must limit the frequency or extent of discovery" if: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The Rule 33 advisory committee notes to the 1993 amendment further explain the twenty-five-interrogatory limit "is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device." Fed. R. Civ. P. 33 advisory committee's note (1993 amends.).

Here, upon thorough review of Plaintiff's additional interrogatories, the Court agrees with Defendant. First, Plaintiff has had ample opportunity to obtain the requested information by discovery, and indeed, he has taken full advantage of the discovery process. He has been permitted to view the camera footage of the incident, and Defendant has provided him with a number of documents and relevant information in response to his numerous requests for production and

inspection. (Doc. no. 69, pp. 3-4.) Further, much information sought in the requested interrogatories can be answered through other sources, and several of the requests are cumulative or irrelevant. (See doc. no. 62.) For these reasons, requiring Defendant to respond to these additional interrogatories would be unnecessarily burdensome and cumulative. Therefore, the Court **DENIES** Plaintiff's motion seeking permission to file additional interrogatories. (Doc. no. 62.)

## II.   PLAINTIFF'S MOTION TO COMPEL

In this motion to compel, Plaintiff seeks to compel the inspection of various tangible things, which he requested in his second and third requests for inspection. (Doc. no. 66.) He avers he sent these requests to Defendant around September 2025, and he takes issue with the fact he has not received a response "to more than one[] or at least one" of his requests. (Id. at 1.) He then listed out the requests to which he did not receive a response. (See id.) He also attached a "good faith certification" to his motion, in which he states he "attempted to confer and/or meet" with defense counsel by placing a request to meet and confer in the prison mail. (Id. at 5.)

Upon consideration of the motion, the Court determines it requires a response from Defendant. Accordingly, the Court **ORDERS** Defendant to respond to Plaintiff's motion to compel by January 5, 2026. (Doc. no. 66.)

## III.   PLAINTIFF'S MOTION REQUESTING DEFENDANT'S RESPONSE IN OPPOSITION TO HIS MOTION TO AMEND

In this motion, Plaintiff states he never received Defendant's response in opposition to his for leave to amend his complaint, and he requests to be mailed a copy. (Doc. no. 67.) This mail issue appears to be an anomaly, as there has been no other indication Plaintiff has not received any other mail related to the above-captioned case. Upon consideration, the Court **GRANTS**

3

Plaintiff's request so that he may have a copy for his records. (Doc. no. 67.) The Court **ORDERS** Defendant to mail a copy of his response in opposition to Plaintiff's motion to amend within seven days of this Order and file a notice on the docket indicating he has done so. (Doc. no. 47.)

IV.     **CONCLUSION**

In sum, the Court **DENIES** Plaintiff's motion to propound additional interrogatories, (doc. no. 62), and **GRANTS** his motion requesting a copy of Defendant's response in opposition to his motion to amend, (doc. no. 67). The Court further **ORDERS** Defendant to respond to Plaintiff's motion to compel by January 5, 2026.

SO ORDERED this 22nd day of December, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA