IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| EARNEST BARNARD CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-009 |
| | ) | |
| JIMMY KELLOM, Captain or Unit Manager, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Although he did not file objections, Plaintiff filed a motion for leave to file an amended motion for a preliminary injunction, (doc. no. 74), a proposed order setting a hearing on his request for injunctive relief, which is styled as a motion on the docket, (doc. no. 75), and a memorandum of law and exhibits supporting his request for injunctive relief, (doc. no. 76), all three of which are dated November 7, 2025. However, these filings were not received by the Court and docketed until December 30, 2025, after entry of the Magistrate Judge's December 22, 2025 Report and Recommendation. (See doc. nos. 74-76.) Nonetheless, the Court considers these three filings in light of the Magistrate Judge's Report and Recommendation and concludes they do not alter the conclusion that Plaintiff's motion for injunctive relief should be denied.

In his motion for leave to file an amended motion for a preliminary injunction, Plaintiff seeks to amend his original motion to add a request for a permanent injunction and temporary

restraining order. (Doc. no. 74, p. 1.) Plaintiff also raises additional allegations related to the purported "ongoing retaliation scheme" against him. (See id.) In particular, he claims Defendant retaliated against him prior to the September 30, 2025 incident at issue in his original motion for a preliminary injunction, but he notes he "[has] a hard time trying to explain" these facts, "but they did occur[]." (Id. at 2.)

Leave to file an amended motion is unwarranted because Plaintiff's new requests and additional details do not change the outcome that his request for injunctive relief should be denied. Plaintiff's requests for a temporary restraining order and permanent injunction are insufficient because he merely summarily requests this injunctive relief without providing any legal argument in support of why he is entitled to it. (See id.) Furthermore, the new allegations about ongoing retaliation suffer from the same deficiencies identified in the Magistrate Judge's Report and Recommendation, as they are too vague and conclusory to support a finding that Plaintiff will suffer irreparable injury absent an injunction. (See doc. no. 70.) Therefore, the Court **DENIES** Plaintiff's request to file an amended motion for a preliminary injunction. (Doc. no. 74.)

Additionally, Plaintiff's memorandum of law contains further discussion of the purported ongoing retaliation scheme against him, specifically pointing to his placement in administrative segregation as showing he faces an imminent risk of irreparable injury. (Doc. no. 76.) These allegations are once again too vague and conclusory to support injunctive relief because Plaintiff does not describe the basis for his claims other than to state there is a scheme, and his placement in segregation is because of false misconduct reports. (See id.) Without further detail, his allegations are too speculative because they are untethered to specific, concrete facts. Moreover, nowhere in any of his filings does Plaintiff address the third and

fourth elements required to show he is entitled to a preliminary injunction. (See doc. nos. 74-76.) Thus, the reasoning provided in the Magistrate Judge's Report and Recommendation for why Plaintiff is not entitled to a preliminary injunction remains well-supported. (See doc. no. 70, pp. 4-5.)

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DENIES** Plaintiff's motion for injunctive relief. (Doc. no. 53.) Because the Court denies Plaintiff's request for a preliminary injunction, the Court **DIRECTS** the **CLERK** to **TERMINATE** the motion associated with Plaintiff's proposed order. (Doc. no. 75.)

SO ORDERED this 27th day of January, 2026, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE